**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

RODERICK HAROLD PERSON,

    *Plaintiff*,

v.

CITY OF ALPENA, COUNTY OF
ALPENA, JOHN DOE, ALPENA
DEPARTMENT OF ROAD WORKS,
ALPENA POLICE DEPARTMENT,
CHIEF OF ALPENA POLICE
DEPARTMENT, WILLIAM C. GOHL,
OFFICER MICHAEL BROOKS,

    *Defendants*.
_____/

CASE NO. 08-CV-14850

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION FOR SUMMARY JUDGMENT
BY DEFENDANTS CITY OF ALPENA, ALPENA CHIEF OF POLICE,
OFFICER WILLIAM C. GOHL, AND SGT. MICHAEL BROOKS</u>**
(Doc. 32)
**<u>AND PLAINTIFF'S MOTION FOR DISCOVERY</u>**
(Doc. 43)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED**; that Plaintiff's Motion for Discovery be **DENIED AS MOOT** because Defendants provided Plaintiff with the information he sought in that motion; and that the case be dismissed in its entirety.

## II. REPORT

### A. Introduction

This case was originally filed in state court on October 1, 2008, alleging claims of excessive force, failure to train, gross negligence, abuse of process and intentional infliction of emotional distress, all arising from a fatal car accident that occurred on July 19, 2007, in Alpena, Michigan. The case was removed to federal court in November 2008. By order of U.S. District Judge Thomas L. Ludington, the case was referred to the undersigned magistrate judge for general pretrial case management. (Doc. 5.)

Before the Court is a Motion for Summary Judgment that was filed by Defendants City of Alpena, Chief of Alpena Police Department, Officer William C. Gohl, and Sgt. Michael Brooks (hereafter "Defendants"). Plaintiff filed a response to the motion (Doc. 36) and Defendants filed a reply. (Doc. 37.) Defendants also filed a supplemental brief with exhibits (Doc. 41) and Plaintiff filed a supplement to his response. (Doc. 47.) Accordingly, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B. Background

The complaint asserts that in the early morning hours of July 19, 2007, Plaintiff was driving a vehicle in the city of Alpena, Michigan, when Defendant Officer Gohl attempted to engage Plaintiff in a routine traffic stop precipitated by a broken headlight. (Compl. ¶ 3.) Plaintiff, who had two passengers in his vehicle, did not stop, but instead continued driving and increased his speed. Plaintiff states that just before he approached a dangerous curve in a road, Defendant Officer Gohl activated his high beam spotlight and "completely blinded Mr. Person and totally obstructed his vision of the road and curve." (*Id.* ¶ 5.) Plaintiff lost control of the vehicle, which hit a "substandard guardrail" that "could not sustain the impact of a vehicle," and went down into

2

a ravine. One of Plaintiff's two passengers died from his injuries. Plaintiff and the other passenger both sustained injuries. (*Id.* ¶ 7.) Plaintiff further alleges that after the crash, as he was about to give medical attention to one of his passengers, he was assaulted by Defendant Officers Brooks and "John Doe," which caused him additional injuries. (*Id.* ¶¶ 15, 18.)

According to documentation Plaintiff attached to his response, it was determined that Plaintiff's alcohol content at the time of the crash was 0.08 grams or more per 100 milliliters of blood (Doc. 36 at 16) and that Plaintiff's vehicle was traveling "at minimum speed of 48.78 to 50.22 miles per hour at the start of observed braking" just before the curve in the road. (*Id.* at 13.) The road has a speed limit of 25 miles per hour and "has yellow and black advisement signs prior to the curve indicating curve ahead and suggested speed of 15 miles per hour." (*Id.*) Plaintiff was charged in Alpena County with one count of second-degree murder, MICH. COMP. LAWS § 750.317, and one count of operating while intoxicated causing death, MICH. COMP. LAWS § 257.625(4)(a). (Am. Felony Compl., Doc. 36 at 16.) According to the Michigan Department of Corrections' Offender Tracking Information System (OTIS), Plaintiff was found guilty of both counts by a jury and sentenced on June 2, 2008, to fifteen to thirty years' imprisonment. He is currently incarcerated at the Michigan Reformatory in Ionia, Michigan.

### C.  Plaintiff's Allegations

This case was removed to federal court from state court because the *pro se* complaint asserts three federal claims under 42 U.S.C. § 1983: (1) that the Defendant City of Alpena and its police chief[1] have a custom and policy of failing to adequately train and supervise police officers in the

---

[1] The police chief is named in his official capacity (*see* Compl. ¶ 27) and therefore the claims against him are redundant to the claims against the city. *See McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (a suit against a government officer in his official capacity is the same as a suit against the governmental entity for which the officer is an entity).

3

proper use of high beam spotlights during a pursuit of a suspect that amounts to gross negligence and deliberate indifference to the safety of citizens (Compl. ¶¶ 17, 30, 32, 35, 37-40); (2) that the Defendant City of Alpena has a custom and policy of failing to adequately train and supervise police officers in the arrest of citizens without assaulting them, which amounts to gross negligence and deliberate indifference (*id*. ¶¶ 18-20, 31, 33, 36-40); (3) that Defendant Officer Brooks and Defendant Officer John Doe[2] committed acts of excessive force against Plaintiff when they assaulted him after the accident (*id*. ¶¶ 15-16).

The complaint also alleges several state law claims. Plaintiff asserts that Defendant Officer Gohl committed an act of gross negligence which caused the fatal accident. Plaintiff asserts that the

> direct and proximate cause of this accident was the gross negilgence act [sic] of Officer Gohl, in engaging his blinding spotlight, at night and at a hazardous point of the road, where he knew or should have known that his actions would have blinded the driver causing Mr. Person to loose [sic] visual and physical control of his vehicle.

(Compl. ¶ 8. *See also* ¶¶ 9-11.)

Plaintiff also brings a claim under Michigan Compiled Laws § 691.1402, asserting that the Defendant City of Alpena and the Alpena Department of Road Works were grossly negligent in installing a guardrail that could not sustain an automobile crash and that their negligence was the proximate cause of his car "tumbl[ing] down the embankment." (*Id*. ¶¶ 12-14, 41-45.) Plaintiff further asserts state law claims for intentional infliction of emotional distress (*id*. ¶¶ 46-48), abuse

---

[2] Plaintiff failed to identify Defendant John Doe, substitute him into the case, and serve him with process within the time period allowed by the federal rules and therefore I suggest that he and all other defendants named in the caption but not served are properly dismissed from the case. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345-46 (6th Cir. 2007); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); FED. R. CIV. P. 4(m).

of process (¶¶ 49-51), and gross negligence against all defendants. (*Id*. ¶¶ 52-54.) Plaintiff seeks $2 million in damages.

### D. Motion Standards

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson*

*Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

**E.     Defendants' Motion for Summary Judgment**

**1.     Federal Claims**

**a.     Failure to Train Claim Against the City of Alpena**

Plaintiff alleges that the Defendant City of Alpena has a custom and policy of failing to adequately train and supervise police officers in (1) the proper use of high beam spotlights during an automobile pursuit of a suspect vehicle and (2) the arrest of citizens without the use of excessive force. He claims that this failure to adequately train officers amounts to gross negligence and deliberate indifference to the safety of citizens.

Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*. A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*.

To prevail on a claim that a city is liable for the allegedly unconstitutional actions of its police officers, the plaintiff must prove that the officers' actions were the product of an unconstitutional policy, custom, or practice of "deliberate indifference" to plaintiff's constitutional rights. *Oklahoma v. Brown*, 520 U.S. 397, 405, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (citing *Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) and *Monell*, 436 U.S. at 694). A municipality may not be held liable under § 1983 unless its deliberate action was

the "moving force" behind the plaintiff's deprivation of federal rights. *Id.* (citing *Monell*, 436 U.S. at 694). "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Brown*, 520 U.S. at 405 (citing *Canton*, 489 U.S. at 391-92).

A municipality may be held liable for a failure to train and supervise its officers if the municipality was put on notice that its training program did not prevent constitutional deprivations yet it continued to take the same approach in deliberate indifference to continuing constitutional violations, that is, a continuous pattern of tortious conduct as opposed to an officer being involved in a single tortious event. *Id.* at 408. A single incident may support a finding of "deliberate indifference" where a "highly predictable consequence" results from the officer's obvious lack of specific tools to handle a situation arising from a deliberate indifference to train. *Id.* at 409, 410. "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983." *Canton*, 489 U.S. at 391. The risk of a constitutional violation arising as a result of inadequacies in a municipal policy must be "plainly obvious" in order for the plaintiff to prevail. *Brown*, 520 U.S. at 412; *see also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997).

In support of its motion for summary judgment, the City of Alpena (hereafter "the City") has supplied affidavits from six police officers and video footage taken from the dashboard cameras of the vehicles driven by three police officers on the night in question, including that of Defendant Officer Gohl. (Docs. 41, 42.)

i. **Evidence Regarding Use of Spotlight**

The video shows that Officer Gohl initiated a traffic stop of Plaintiff's car and that Plaintiff sped away. Officer Gohl followed and, as the pursuit entered a less-populated area, Officer Gohl

7

turned on his high beam spotlight. Officer Gohl states in his affidavit that "[i]t is standard procedure to use a spotlight during a night pursuit, as it helps the officer to keep a suspect vehicle in sight from a greater distance and allows the officer to observe if the occupants of the suspect vehicle throw anything out of the windows." (Gohl Aff., Doc. 41, Ex. D ¶ 7.) On the video, the beam of light from the spotlight can be seen moving around from the ground to the trees on either side of the road to the back of Plaintiff's car. The cars approached a curve, and Officer Gohl states that he saw Plaintiff's brake lights light up. (*Id.* ¶ 10.) Officer Gohl slowed down, and as he rounded the curve he "saw a plume of dust and smoke in the air, and skid marks leading off the roadway into the ditch." (*Id.*)

Plaintiff, as the non-moving party, has an obligation to respond to the motion by presenting "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore*, 8 F.3d at 339-40. Plaintiff's response[3] does not present any significant probative evidence. Instead, Plaintiff alleges that the videos have been tampered with and that all of the officers "knowingly made false statements under oath by submitting sworn affidavits to this honorable court. Plaintiff would ask all of these individuals to submit to a polygraph test to the statement they made in their affidavits." (Doc. 47 at 3.) Plaintiff's response does not mention the failure to train claim.

### ii. Evidence Regarding Alleged Assault by Defendant Officer Brooks

Defendant Sergeant Michael Brooks states in his affidavit that he was not on duty on July 19, 2007, and was not present at the scene of the accident. (Doc. 41, Brooks Aff. ¶ 5.) Kim Miller,

---

[3]After Defendants filed their affidavits and videos, Plaintiff filed a motion for discovery seeking Defendant Brooks' time records for the applicable period, the dispatch records related to the events at issue, and the names of all emergency and police personnel on the scene the night of the accident. (Doc. 43.) Defendants responded by providing the information Plaintiff sought. (Doc. 45.) Plaintiff thereafter filed the supplemental response (Doc. 47) that is referred to here.

Police Chief of the City of Alpena Police Department, states that the employment records of Sergeant Brooks verify that he was not on duty that day. (Miller Aff. ¶ 4.) Defendant Officer Gohl, who was at the scene, states that "Sergeant Brooks was not on duty at the time and was not present at the scene of the car crash. Neither Sergeant Brooks nor any person who was present at the scene of the car crash assaulted Mr. Person." (Gohl Aff. ¶ 22.) Officer Koch and Officer Grant, both of whom were present at the scene, also state that Sergeant Brooks was not present. (Koch Aff. ¶ 9; Grant Aff. ¶ 13.)

Plaintiff has not responded to these affidavits with any contrary evidence. Instead, he makes unsubstantiated allegations that the video tapes have been edited and tampered with to hide the assault and that "Sgt. Brooks has been involved in other civil actions based on excessive force and brutality [that] can and will be substantiated." (Doc. 47 at 3.)

### iii.  Discussion

In this case, Plaintiff alleged in his complaint that the City of Alpena did not adequately train Officer Gohl in the use of high beam spotlights and Officer Brooks in how to arrest a subject without assaulting him, and that as a result the City was deliberately indifferent to Plaintiff's safety. With regard to the City's failure to train on the proper use of spotlights, the evidence of record demonstrates that it is the custom and policy of officers in the City of Alpena to use a spotlight during a night pursuit in order to better see the suspect vehicle and to be able to observe if objects are thrown out of the vehicle. Plaintiff has not submitted any evidence in response to Defendants' motion that suggests that there is a risk of a constitutional violation arising as a result of this policy, let alone provide evidence that raises a material issue of fact as to whether such a risk is "plainly obvious," as would be required for Plaintiff to prevail. *See Brown*, 520 U.S. at 412.

With regard to the claim that the City failed to train its officers on the proper use of force during an arrest, I suggest that the Defendant City is entitled to summary judgment because Plaintiff has failed to submit any evidence to raise a jury question as to whether such an assault occurred, let alone whether it was the result of improper police training.

Accordingly, after examining the evidence designated by the parties, I suggest that Defendant City of Alpena's motion for summary judgment be granted because there is not a "sufficient disagreement" to require that Plaintiff's failure to train claims be submitted to a jury, but rather the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-52.

### b. Excessive Force Claim Against Defendant Brooks

A claim that a police officer used excessive force against a citizen while effecting a seizure or arrest is governed by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Fourth Amendment jurisprudence recognizes "that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id*. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22-27, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id*. at 396-97. The reasonableness of an officer's use of force is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. at 396 (citing *Terry*, 392 U.S. at 20-22)).

Defendant Sergeant Brooks moves for summary judgment, not on the grounds that the force used was reasonable, but on the grounds that he was not even present at the scene of the accident

when Plaintiff alleges the assault took place. As discussed, the affidavits supplied by five officers all state that Sergeant Brooks was not at the scene. Plaintiff has not submitted any evidence to refute these statements. Furthermore, after viewing the videos from the scene, Plaintiff has not argued that Defendant Brooks is one of the officers depicted on the videos.

Accordingly, I suggest that Defendant Brooks is entitled to summary judgment on the section 1983 claim of excessive force made against him because, even viewing the evidence in a light most favorable to Plaintiff, no reasonable jury could return a verdict in Plaintiff's favor. *See Anderson*, 477 U.S. at 248.

### 4. Pendent State Law Claims

The remaining claims of gross negligence, intentional infliction of emotional distress, and abuse of process are brought pursuant to Michigan law. I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain the pendent state law claims. *See id.* at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See*

*also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                  s/ Charles E Binder
                                                  CHARLES E. BINDER
Dated: March 9, 2010                           United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record and U.S. District Judge Thomas L. Ludington. I also hereby certify that the paper was mailed by United States Postal Service to the following non-ECF participants: Roderick Person.

Dated: March 9, 2010             By    s/Mimi D. Bartkowiak
                                                Law Clerk to Magistrate Judge Binder